Opinion filed June 16,
2011


 
 
 
 
 
 
 





                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                    
__________

 

                                              No. 11-09-00219-CR 

                                                   
__________

 

                            
TOMAS LEVAR HILLIARD, Appellant

 

                                                            
V.

 

                                     
STATE OF TEXAS, Appellee



 

                                  
On Appeal from the 19th District Court

 

                                                      
 McLennan County, Texas

 

                                              
Trial Court Cause No. 2007-2097-C1

 



 

                                           
M E M O R A N D U M   O P I N I O N

 

           
The jury convicted Tomas Levar Hilliard of five counts of aggravated sexual
assault of a child and three counts of indecency with a child and, upon his
plea of true to the enhancement allegations, assessed punishment at confinement
for life and a fine of $10,000 for each count. The sentences are to run
concurrently except for the sentence in Count VI, which is to run consecutively
to the sentence in Count I.  We affirm.  

           
Appellant presents two issues for review.  In the first issue, appellant
asserts that the trial court erred in failing to grant his request for a “Michaels”
hearing to determine whether the victim’s recollection was reliable or whether
it had been affected or tainted by improper investigative procedures.  See
State v. Michaels, 642 A.2d 1372 (N.J. 1994).  Texas courts have
rejected Michaels and have declined to require trial courts to hold such
a hearing.  Reyes v. State, 274 S.W.3d 724, 732 (Tex. App.­­—San
Antonio 2008, pet. ref’d); Johnson v. State, No. 10-03-00134-CR, 2004 WL
2567112, at *3 (Tex. App.—Waco Nov. 10, 2004, pet. ref’d) (mem. op., not
designated for publication).  We agree with the rationale of our sister
courts and hold that the trial court did not err by refusing to hold a Michaels
hearing.  Appellant was free to cross-examine the victim and those who
interviewed her to challenge the reliability of the victim’s recollection and
the propriety of the investigative procedures used.  And, the jury was
free to judge the credibility of the witnesses.  Appellant’s first issue
is overruled.  

           
In his second issue, appellant asserts that the trial court unduly limited his
right to confront the witnesses by refusing to allow appellant to introduce
evidence that the victim had made a false allegation of sexual misconduct
against her cousin.  Outside the presence of the jury, the victim denied
making any such allegation against her cousin.  Also outside the presence
of the jury, the victim’s cousin testified that the victim had falsely accused
him of raping her.

Appellant
relies on the Confrontation Clause of the Sixth Amendment to the United States
Constitution, which guarantees an accused the right to confront the witnesses
against him.  The exclusion of evidence involving a prior false accusation
of sexual activity, when offered – as it was in this case – to attack the
victim’s general credibility, does not violate the Confrontation Clause.  Hammer
v. State, 296 S.W.3d 555, 564-65 (Tex. Crim. App. 2009).  The court in
Hammer held that such evidence may be admissible if offered for some
purpose, such as motive or bias, other than a propensity attack upon the
witness’s general character for truthfulness.  Id. at 565.  In
this case, appellant offered the evidence to show that the victim “in the past
has made a false accusation. . . .  It allows the jury to consider the
possibility that this particular accusation may be false.”  Appellant
further stated that, if the jurors were to believe the victim’s cousin, “then
they could possibly believe that [the victim] has made another false
outcry.”  The proffered testimony was not offered to show the victim’s
bias or motive but, rather, was offered to attack the victim’s credibility by
showing merely that she had made another allegation of sexual misconduct (which
she denied making) and that the allegation was false.  We hold that,
pursuant to the rationale in Hammer, appellant’s right of confrontation
was not violated and that the trial court did not err in refusing to allow the
proffered testimony.  See Tex.
R. Evid. 608(b); Hammer, 296 S.W.3d at 564-66.  The second
issue is overruled.  

The
judgments of the trial court are affirmed.  

 

 

                                                                                               
JIM R. WRIGHT    

                                                                                               
CHIEF JUSTICE

 

June 16, 2011

Do not
publish.  See Tex. R. App.
P. 47.2(b).

Panel[1] consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 














[1]Rick Strange,
Justice, resigned effective April 17, 2011.  The justice position is
vacant pending appointment of a successor by the governor.





 

[2]John G.
Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth,
sitting by assignment.